UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,          ) | |
|          )                                              | |
|          Plaintiff,          )          | |
|          )                                              | Case No.  CR08-42 MJP |
|          v.          )                                              | |
|          )                                              | |
|          )                                              | DETENTION ORDER |
| ERICA PAGE,          )                                              | |
|          )                                              | |
|          Defendant.          )                                              | |
| _____ )          | |

Offenses Charged:

Conspiracy to Commit Bank Fraud in violation of 18 U.S.C. §§ 1344(1) and (2) and 1349..

Date of Bond Revocation Hearing: July 1, 2008.

On February 12, 2008, defendant was released on bond by the Honorable Monica J. Benton, and placed on Pretrial Services supervision with special conditions, including that she not have, use, consume, or possess a controlled substance unless prescribed by a physician. Dkt. No. 12. Defendant began a pattern of ignoring the restrictions relating to marijuana. Dkt. Nos. 85, 110, 143. On February 15, 2008, defendant was tested positive for marijuana. March 12, 2008, she reported positive in a drug test, and admitted to use. Dkt. No. 143.  On May 12, 2008, she again tested positive and admitted using marijuana in violation of her bond conditions.  A summons issued and at a hearing that took place on June 2, 2008, she was

specifically warned that if she violated again, her bond would be revoked.  Dkt. No. 120.

Prior to the June 2, 2008 evidentiary hearing on the bond violation, she pleaded guilty to conspiracy to commit bank fraud in violation of 18 U.S.C. §§ 1344(1) and (2) and 1349. Dkt. No. 112.

On June 24, 2008, U.S. Pretrial Services Officer Kelly Neumeister requested a warrant for the arrest of the defendant, alleging that she once again violated the terms of her supervision by using marijuana on or before June 12, 2008 and June 17, 2008.  The defendant was arrested and made her initial appearance before the Honorable Mary Alice Theiler, who ordered her to self-surrender the next day for detention pending a bond revocation hearing before the undersigned Magistrate Judge.  Dkt. No. 147.

On July 1, 2008, the defendant appeared for her evidentiary hearing.  The Court heard testimony from United States Pretrial Officer Kelly Neumeister and heard argument of counsel.  At the conclusion of the hearing, the Court found that the defendant violated the terms of her bond as follows:

1. Defendant violated the bond condition that she not use, consume, or possess a controlled substance, unless the substance is prescribed by a physician, by using marijuana on or about June 12, 2008, and June 17, 2008.

Dkt. No. 158.

Having found another violation, the Court conducted a revocation hearing pursuant to 18 U.S.C. § 3148, and based upon the factual findings and statement of reasons for detention hereafter set forth finds as follows:

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) Defendant committed violation 1 as alleged.

(2) The defendant has demonstrated an inability or unwillingness to comply with the terms of her pretrial supervision by continued violations, even when warned specifically that the outcome would result in revocation of her bond.

(3) Defendant has already pleaded guilty to her offense and is awaiting sentencing.

(4) Defendant is unlikely to abide by standard conditions (i.e., the prohibition of use of marijuana) required in any bond.

IT IS THEREFORE ORDERED:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility pending sentencing;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 1st day of July, 2008.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge